PAULA E. OTTE, APPELLANT, v. JOHN ALVIN TAYLOR, APPELLEE.

146 N. W. 2d 78

Filed November 4, 1966. No. 36246.

Richard H. Hansen and Hyman Polsky, for appellant.

Baylor, Evnen, Baylor & Urbom, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, BROWER, and SMITH, JJ., and NEWTON, District Judge.

SMITH, J.

Plaintiff guest, claiming injury in an automobile collision, alleged that defendant, the host driver, had been under the influence of drugs. Jury verdict went for defendant, and from denial of a motion for new trial, plaintiff has appealed. She complains of a courtroom experiment with drugs and of jury instructions. Therefore, much of the conflicting evidence that probably affected the verdict is now unimportant.

While the parties were traveling north on U. S. Highway No. 77 in October 1962, they crested a hill 7.5 miles north of Beatrice, Nebraska. Defendant was driving 65 miles per hour. He was looking at plaintiff to his right. He was using a cigarette lighter located on the instrument panel. At the same time traffic ahead was moving north slowly. The automobile driven by defendant traveled downhill 600 feet, skidded 66 feet farther, struck the rear end of an automobile, went 87 feet into the side of a ditch, rolled over in the air, and came to rest facing south in an upright position.

Defendant had ingested aspirin tablets and 2 Nembutal capsules between 75 and 25 minutes before the collision. Each capsule contained 58/100 grain of sodium pentobarbital and 5 grains of aspirin. At no time during the trip did defendant appear drowsy.

At the trial, an opinion by an expert on drugs was first adduced by plaintiff over objection. A pharmaceutical chemist testified that animal experiments had led him to the following conclusion concerning the effect of Nembutal on humans: If an average person ingests 2 capsules equivalent to those taken by defendant, slower reactions and drowsiness will usually ensue within an hour.

The courtroom experiment was conducted by an orthopedic surgeon as a witness for defendant. At the beginning of his testimony the surgeon ingested 2 Nembutals containing 75/100 grain of sodium pentobarbital per capsule. At the close of direct examination he testified that he was not drowsy. He was on the witness stand approximately 1½ hours.

Irrelevance and lack of foundation constitute the main objections to the experiment. It was undisputed that Nembutal is a depressant which ordinarily induces sleep in a person with normal physiology. The connotation of drowsiness, however, somewhat justified the experiment, although the chemist used the modifiers "probably" and "may or may not." During the trip plaintiff had observed no sign of drowsiness, but additional evidence was neither irrelevant nor cumulative. The ruling on the objection to foundation in respect to similarity of conditions was discretionary. The record discloses no unfair prejudice, and no abuse of discretion.

"* * * the question is one of weighing the probative value of the evidence of experiments against the dangers of misleading the jury (who may attach exaggerated significance to the tests), unfair surprise, and, occasionally, undue consumption of time. * * * Though the similarity formula is sometimes overrigidly applied, most courts will recognize that the requirement is a relative one, so that where a high degree of similarity is not attainable, the court might still conclude that the results of the experiment are of substantial enlightening value to the jury and admit the evidence. Manifestly, if the

trial judge is to be given responsibility for exercising such an indefinable value-judgment he must be accorded a reasonable leeway of discretion reviewable only for abuse." McCormick on Evidence, § 169, p. 360.

"The general requirement of similarity of conditions applied to experimental evidence generally applies with equal force to experiments in court. Manifestly, the trial judge can best determine whether the confusion and delay incident to the court-room experiment outweigh its value, and his wide discretionary power to permit or exclude the experiment is constantly emphasized." McCormick on Evidence, § 182, p. 390. See, also, Dean v. State, 128 Neb. 466, 259 N. W. 175.

No issue of a stranger's negligence was submitted in the instruction on reasonable control. The court instructed that a driver is not required "to anticipate negligence by another, in the absence of notice, warning or knowledge of such negligence." The instruction defined the knowledge which a driver is required to have in relation to the risk involved. See Restatement, Torts 2d, § 290, comment c, p. 48. It was correct. See Tate v. Borgman, 167 Neb. 299, 92 N. W. 2d 697.

In instructing that momentary inattention alone does not constitute gross negligence, the court did not define the phrase "momentary inattention." The trial court is not required to define on its own motion language commonly used and generally understood. Johnson v. Griepenstroh, 150 Neb. 126, 33 N. W. 2d 549. There was no error.

The judgment is affirmed.

AFFIRMED.